UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
AMORIM HOLDING FINANCEIRA           )
S.G.P.S.,S.A.                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )    Civil Action No. 09-10641-DPW
                                    )
C.P. BAKER & CO., LTD, and          )
CHRISTOPHER P. BAKER,               )
                                    )
    Defendants.                     )
_____)

ORDER ON PENDING DISCOVERY MOTIONS

December 15, 2011

SOROKIN, M.J.

This matter is before the Court on Defendants' Motion to Preserve Evidence (Docket #76) and Plaintiff's Cross-Motion for a Protective Order (Docket #89). At issue in these motions are seven sets of meeting minutes, produced by Plaintiff and included by Defendants as Exhibit 19 to their Second Motion to Compel, that Plaintiff claims are subject to the attorney-client privilege and were inadvertently produced. Defendants seek an order permitting them to retain the documents while Plaintiff seeks an order requiring the return of the documents and any copies thereof.

On November 22, 2011, the Court entered an order finding that two sets of the documents, namely the August 2008 and November 2008 meeting minutes, were not entitled to the attorney-client privilege and that Defendants were permitted to retain these documents. With respect to the remaining documents at issue, the Court determined that the documents were only protected insofar as their production was not the result of gross negligence. Based on the record then before it, the

Court found that it lacked sufficient information to determine whether the production of the documents at issue was or, was not, the result of gross negligence. "Specifically, the Declaration of Damian W. Wilmot, submitted in support of Plaintiff's Cross-Motion, fails to adequately illustrate the screening process used and how the incorrect translations concealed the privileged nature of the documents at issue." The Court granted Plaintiff until December 1, 2011, to file a brief concerning this issue. The Court has now received both Plaintiff's response and a further reply from Defendants.

Plaintiff bears the burden of proving that the production of the documents at issue was the result of inadvertent disclosure, i.e., that the production was not grossly negligent. VLT Corp. v. Unitrode Corp., 194 F.R.D. 8, 12 (D. Mass. 2000). Plaintiff has met its burden.

Plaintiff's submissions establish that an attorney for Plaintiff "uploaded" or "manually fed" Portugese language documents into automated translation program. The attorney "then reviewed the English translations of the documents" for relevance and privilege. As a result of this review, the attorney divided the documents into three categories: privileged (resulting in a withholding of the document), arguably privileged (resulting in human translation with further review by counsel thereafter) and not privileged (resulting in disclosure). The seven documents at issue were placed into the not privileged category. Plaintiff explains that the attorney "did not withhold the unredacted portions" of these seven documents "because, due to the English translations of the Privilege documents generated by the translation programs" the reviewing attorney did not believe the unredacted portions of the documents contained privileged information.

The foregoing showing complies with the Court's prior order by explaining the process used by the Plaintiff and explaining, under oath by counsel of record, the reason for the disclosure. Based

2

on this submission, the Court finds that the Plaintiff was not grossly negligent. It used a reasonable review process which included a review of each document for privilege by an attorney.

In addition, previously the Court ruled two of the seven documents not privileged because a non-party was present at the meetings. In the supplemental filing, Plaintiff asserts that the Court erred – the non-party was the subject of discussion but not present at either meeting. A further review of the documents reveals Plaintiff is correct. Moreover, the discussions about Beuret in the meetings are not properly characterized as discussions of information to be given to Beuret, but rather a discussion with in-house counsel about how to proceed. Accordingly, the Court VACATES its prior ruling finding these documents as not privileged.[1]

Accordingly, the Court hereby ALLOWS the Cross-Motion for a Protective Order (Docket #89) and DENIES the Motion to Preserve (Docket #76).

SO ORDERED.

/s / Leo T. Sorokin
Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes, however, that the email from Beuret to Sobral discussed in the minutes would not, on its face, appear privileged.